PER CURIAM:
Claimant brought this action for damage to his 1989 Chevrolet Celebrity which occurred when his wife, Denise Cusick, was operating his vehicle on State Route 2 in Marshall County and the vehicle was struck by a large rock. Respondent was responsible at all times herein for the maintenance of State Route 2. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on March 22, 2002, at approximately 2:00 p.m. Denise Cusick was traveling northbound on State Route 2 in Marshall County. She had taken her grandson to his home and was on her way home to Benwood. It was a cloudy and dry day. The road surface was in good condition. Mrs. Cusick stated that she was traveling at approximately thirty miles per hour in a fifty mile per hour zone. At this location, State Route 2 is a four-lane highway. Mrs. Cusick decided to travel in the left lane, because she had seen rocks fall onto the right lane on prior occasions and felt safer in the left lane. She was traveling in a curve in the road when she suddenly saw a large rock bounce onto the pavement and then bounce again directly onto the hood of her vehicle. She testified that she could not maneuver into the southbound lane because there was an oncoming vehicle and that she could not maneuver the vehicle to the right lane because there was another vehicle beside her. According to Mrs. Cusick, the impact was severe. She maneuvered the vehicle to the side of the road to look at the damage. Claimant submitted a repair estimate in the amount of $1,360.09. Claimant testified that the rock smashed a hole in the hood of the vehicle, destroyed the headlight, and damaged the headerpanel. Claimantdoes not have comprehensive insurance coverage to cover these damages.
Claimant asserts that respondent knew or should have known that this was a high risk area for rock falls and yet failed to take timely and adequate measures to remedy this hazardous condition.
It is respondent’s position that it acted diligently and took reasonable measures to warn and protect the traveling public from the hazards of rock falls.
Christopher Minor, the Assistant County Supervisor for respondent in Marshall County at the time of this incident, testified that his responsibilities include daily supervision of work crews and overall maintenance of highways. Mr. Minor was responsible for the maintenance of Route 2 at the location of this incident. He is familiar with State Route 2 between G lendale and McM echen, commonly referred to as “the narrows.” He stated that this area is a known rock fall area and it has been considered as such since the road was built in 1941. In an attempt to protect the traveling public, he testified that respondent has placed warning signs on both ends of State Route 2 in Glendale which is referred to as “the upper narrows”. There are flashing warning lights on top of these signs. Further, Mr. Minor testified that the “whole length of the Narrows has been poled and lit with high intensity lights.” He *217 also stated that respondent maintains patrols for the “rock freeze/thaw cycle” during winter months. However, there were no patrols beyond the normal shift at the time of this incident since it was in late March. Finally, Mr. Minor testified that he had no notice or reports of any rock falls at or near the location of this incident.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). In order to hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had constructive notice of rock fall hazards in the area at issue. This area on State Route 2 referred to as “the narrows” is a section of highway known for dangerous rock falls which are clearly a hazard to the traveling public.
Even though respondent has flashing warning signs in place and numerous lights to assist drivers in seeing rock falls, these actions have not proven to be an adequate remedy to protect the traveling public from the rocks which frequently fall onto the highway. Thus, the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public in this specific location of State Route 2 in Marshall County, and further, that respondent is liable for the damages to claimant’s vehicle in this claim.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $1,360.09.
Award of$l,360.09.